IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY GILLILAN,                :
                                 :
        Plaintiff,               :
                                 :
VS.                              :        CIVIL ACTION NO.1:07-CV-13 (WLS)
                                 :
Ms. HILLMAN; Ms. WIMBERLY;       :
                                 :
        Defendants.              :        **ORDER TO SHOW CAUSE**

Plaintiff **GREGORYGILLILAN**, an inmate at Autry State Prison in Pelham, Georgia, has filed yet another *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). It appears that plaintiff is unable to pay the cost of commencing this action and, therefore, plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Upon initial review of plaintiff's complaint, it appears that he has failed to exhaust the administrative remedies for his claims before submitting his lawsuit for filing in this Court as he is

required to do under 42 U.S.C. § 1997e(a). 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C.§ 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998)(holding that exhaustion required even if prisoner seeks only monetary damages).

Based on a review of plaintiff's complaint, it does not appear he has even filed a grievance; much less received a ruling on such grievance. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (holding that it is not enough that a plaintiff merely filed a grievance before or during the pendency of his 42 U.S.C. § 1983 action; he, before filing a 42 U.S.C. § 1983 complaint in court, must have filed an administrative grievance and received a ruling on the grievance). The Court notes that plaintiff complains about an action that occurred on January 8, 2007 and his 42 U.S.C. § 1983 complaint is dated January 8, 2007. Therefore, it certainly appears that not enough time passed for plaintiff to receive a ruling on any grievance that he filed before he filed the current action in this Court.

Accordingly, plaintiff has until **January 29, 2007** to **SHOW CAUSE** to the Court, if any he has, why his lawsuit should not be dismissed for failing to exhaust administrative remedies as required by law. If he fails to respond, his lawsuit will be subject to immediate dismissal.

In the meantime, there shall be **NO SERVICE** of process upon any defendant.

**SO ORDERED AND DIRECTED**, this 17th day of JANUARY, 2007.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb